# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 7, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| CHEYENNE PRESCOTT, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-2055V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Mark T. Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.
*Voris E. Johnson*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 23, 2020, Cheyenne Prescott ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 40). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$35,357.20**.

I.   **Procedural History**

On December 28, 2017, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered vaccine induced systemic inflammatory response to immunization, Guillain-Barré syndrome, neuropathy, Reynaud's phenomenon, numbness and tingling in her arms and legs with generalized weakness, among other

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

injuries as a result of receiving the Meningococcal vaccine on February 6, 2015. *See* Petition (ECF No. 1). On December 7, 2020, petitioner filed a motion for a decision dismissing her petition, and on December 8, 2020, I issued my decision dismissing the petition for insufficient proof. (ECF No. 39).

On December 23, 2020, Petitioner filed a motion for final attorneys' fees and costs. (ECF No. 40). Petitioner requests compensation for her attorney, Mr. Mark Sadaka, in the total amount of $35,357.20, representing $28,915.79 in attorneys' fees and $6,441.41 in costs. Fees App. Ex. 1 at 14-15. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of her claim. (ECF No. 44). Respondent reacted to the fees motion on 23, 2020, stating that "Respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 41). Petitioner filed a reply on December 23, 2020, reiterating her belief that the requested amount for fees and costs is reasonable.

The matter is now ripe for adjudication.

II.     **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

Petitioner alleged that she had suffered an inflammatory reaction as a result of receiving the meningococcal vaccine. Petition at Preamble. Additionally, petitioner filed supporting medical records and an expert report to support her petition. When it became apparent that the facts could not support entitlement, petitioner took appropriate action, filing a motion to dismiss her petition. *See* Pet. Mot. to Dismiss (ECF No. 38). Although the petition was dismissed, I do not doubt that the petition was filed in a good faith belief that petitioner's injuries were caused by her vaccination, and the matter had a reasonable basis to proceed for as long as it did. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.  **Attorneys' Fees**

Petitioner requests that her attorney, Mr. Mark Sadaka, be compensated at the following hourly rates: $350.00 per hour for work performed in 2015, $362.95 per hour for work performed

in 2016, $376.38 per hour for work performed in 2017, $396.00 per hour for work performed in 2018, $405.00 per hour for work performed in 2019, and $422.00 per hour for work performed in 2020. These rates are consistent with what Mr. Sadaka has previously been awarded for his Vaccine Program work, and I find them to be reasonable for his work in the instant case as well.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$28,915.79**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $6,441.41. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by petitioner's medical expert, Dr. M. Eric Gershwin. Fees App. Ex. 1 at 15. Petitioner has provided adequate documentation supporting these costs and all appear reasonable in my experience. Petitioner is therefore awarded the full amount of costs sought.

### III.  Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $28,915.79 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$28,915.79** |
| | |
| Attorneys' Costs Requested | $6,441.41 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$6,441.41** |
| | |
| **Total Attorneys' Fees and Costs** | **$35,357.20** |

**Accordingly, I award a lump sum in the amount of $35,357.20, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Mark Sadaka.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master
